**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

| | | |
|---|---|---|
| **KIMBERLY RICHARDSON,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 5:25-CV-00282-KKC-MAS** |
| | ) | |
| **VERATHON, INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM OPINION & ORDER**

This matter is before the Court on Plaintiff Kimberly Richardson's Motion to Quash the Subpoena to Non-Party Current Employers pursuant to Federal Rule of Civil Procedure 45(d)(3). [DE 8]. Defendant Verathon, Inc., responded to the Motion to Quash [DE 9], and Richardson did not reply. Accordingly, this matter is now ripe for adjudication. The Court previously referred all discovery disputes, including the pending Motion to Quash, to the undersigned for resolution. [DE 7].

As Verathon points out, Richardson's motion does not indicate that the parties have attempted to resolve this dispute extrajudicially pursuant to the Scheduling Order [DE 8] and Local Rule 37.1, which provides:

> Prior to filing a discovery motion, all counsel must make a good faith effort to resolve extrajudicially any dispute relating to discovery. The Court will not entertain discovery motions unless counsel have conferred -- or attempted to confer -- with other affected parties in an effort to resolve their dispute. The moving party must attach to every discovery motion a certification that counsel have conferred and are

unable to resolve their differences. The certification must detail counsel's attempts to resolve the dispute.

LR 37.1.

A motion to quash filed by a party is considered a discovery motion and, therefore, must contain a meet-and-confer certification. *See Graham Packaging Company, L.P. v. Indorama Ventures AlphaPet Holdings, Inc.*, No. 3:24-MC-00008-RGJ, 2024 U.S. Dist. LEXIS 195317, at *8 (W.D. Ky. Oct. 25, 2024) (acknowledging that while "some courts . . . have determined that parties should attempt to meet and confer before filing a motion to quash a subpoena," the objecting entity determines the application of the requirement as LR 37.1 only contemplates the obligation of the parties to a case to meet and confer (citing *Babcock Power, Inc. v. Kapsalis*, No. 3:13-CV-717-CRS-CHL, 2017 U.S. Dist. LEXIS 102049, at *77–78 (W.D. Ky. June 30, 2017))). Richardson's Motion contains no such certification. [DE 8]. Moreover, Verathon verifies that Richardson did not attempt to confer with it before filing the instant motion, which was filed just two weeks after Verathon provided its Notice of Intent to serve the subpoenas. [DE 9, Page ID# 103]. Thus, the Motion is premature and must be denied. If, after conferring, the issues identified by Richardson persist, she may file a renewed Motion with the appropriate certification in accordance with LR 37.1 for the Court's consideration.

Having fully considered the matter, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Richardson's Motion to Quash [DE 8] is **DENIED WITHOUT PREJUDICE**.

Signed this the 3rd of April, 2026.



MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY